FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2015 SEP 24 P 3: 32

Alexandria Division

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| CMN.COM, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15 CV 1226 |
| | ) | AJT/IDD |
| John Doe | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OnlineMBA.com, | ) | |
| | ) | |
| Defendants | ) | |

## Verified Complaint

Comes Now Plaintiff CMN.COM, LLC by and through its counsel, and files this complaint against John Doe and OnlineMBA.Com.

I. Nature of the Suit

1. This is an action for violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

2. The Plaintiff is seeking injunctive and other equitable relief as a result of the actions of the Defendant, John Doe, who gained unauthorized access to the Plaintiff's email account on a protected computer, and used this access to transfer control of Defendant domain name from the Plaintiff's account and therefore disabled the Plaintiff's ability to use and control its domain name causing irreparable injury to the Plaintiff.

1

II. The Parties

3. Plaintiff, CMN.COM, LLC, (hereinafter "Plaintiff") is Texas LLC with principal place of business at 1001 McKinney, Suite 400, Houston, Texas 77002. The Plaintiff, acting through a subsidiary Mascot Media Circle, LLC and a related company Stripes39, LLC, acquired the subject domain name on October 10, 2009.

4. Upon information and belief Defendant John Doe is one individual acting under a fictitious name and address to conceal his identity.[1] The Defendant has used the name and address, Ahmed Guettouche with an address of Ramdania, Douera, Alger, Algeria, 16000, a phone number of 213-550229611 and an email of guettamed@gmail.com, but has concealed his identity and location through the Whoisguard system.[2]

5. The registry for the subject Domain Name, the *res* of this *in rem* action, OnlineMBA.COM is Verisign, Inc, which is located within this judicial district.[3]

6. The Defendant gained unauthorized access to the Plaintiff's email systems on a protected computer system and transferred control of the Defendant Domain Name away from the Plaintiff.

---

[1] This is the same defendant as in CMN.COM, LLC v. John Doe, Case No. 1:15cv972 in which default was recently entered. The defendant here used the same IP address as in the above referenced matter and is, upon information and belief, the same individual or entity.

[2] See Exhibit 1, WHOIS report dated July 27, 2015 showing the name 'Ahmed Guettouche' as the registrant and exhibit 2 showing the registrant as Whoisguard Protected.

[3] Verisign, Inc.'s primary place of business is 21355 Ridgetop, Circle - Lakeside III, Dulles, Virginia 20166, within this judicial district.

7.  The Plaintiff, acting through a subsidiary and a related company acquired the domain <OnlineMBA.com> on October 10, 2009 and, since September 1, 2010 has used the domain in commerce.

8.  On July 9, 2015 the Plaintiff learned that the Defendant John Doe using the name Ahmed Guettouche with an address of Ramdania, Douera, Alger, Algeria, 16000, a phone number of 213-550229611 and an email of guettamed@gmail.com transferred the domain <OnlineMBA.com> from the Plaintiff's control without authority. (See July 27, 2015 WHOIS, Exhibit 1.[4])

III. Jurisdiction and Venue over the Subject Matter of this Action

9.  This action arises out of the Defendants violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

10. This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A), insofar as the registry for .com, domain names, Verisign, Inc., is located within this judicial district.

11. Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) as the subject registry, Verisign, Inc., has its principal places of business in this judicial district. Venue is further proper pursuant to 28 U.S.C. §1391(b)(2) as the subject of the action resides in this district.

---

[4] The current registrant is listed as Whoisguard Protected, PO Box 0823-03411, Panama City, Panama, C90BEC0724E947BF92B910C0AAA6D590.PROTECTED@WHOISGUARD.COM.

12. The Defendant John Doe directed the acts complained of towards the district and utilized instrumentalities in the district in that he gained unauthorized access to the Plaintiff's email systems and domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration record maintained by Verisign, Inc. for the Defendant Domain Name to be altered so as to transfer control of the Defendant Domain Name away from the Plaintiff.

13. The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

IV. Notice

14. Pursuant to ACPA § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint is being sent to the Defendant at the postal and email addresses provided on both the July 27, 2015 and the current WHOIS records as set forth above.

15. The Plaintiff is providing such notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. §1125(d2)(A)(ii)(II)(bb), Plaintiff will promptly publish notice of this action as the court may direct after filing of this Complaint.

16. The Plaintiff's claim in the alternative for violation of the Computer Fraud and Abuse Act, and the Court's jurisdiction over the alternative claim, are proper pursuant to 15 U.S.C. § 1125(d)(3) and (4).

17. Joinder of the Defendant Domain Name is proper under Federal Rule of Civil Procedure 20(a)(2) in that the claims set forth herein arise out of the same set of operative facts and the questions of law are common to all claims and Defendants.

4

## V. Factual Background

18. The Plaintiff, acting through it's subsidiary and related company, acquired the subject domain name on October 10, 2009, has owned the subject domain name since registration and has used it in commerce since September 1, 2010.

19. The Plaintiff is in the business of connecting students with educational organizations in both undergraduate and post graduate educational fields including both general and specialized education. The Plaintiff has used the Subject Domain Name in commerce since September 1, 2010 and has common law rights in the name.

20. In addition, the Plaintiff earns substantial sums of money from advertising on the web page associated with the subject domain name.

21. The subject Domain Name is extremely valuable.

22. Further, through the use over many years, the Plaintiff has established a reputation for accurate and meaningful information on the website associated with the subject domain name.

23. The Plaintiff controls its domain names through its email system.

24. The Plaintiffs email system is maintained on a protected computer and access to the account should be restricted to only that person with the Plaintiff's username and password.

25. On or before February 20, 2015 the Defendant gained unauthorized access to the Plaintiff's email system and subsequently altered the domain name registration record for the subject domain name.

26. The Plaintiff learned that it had lost control of the Subject Domain Name when, on July 9, 2015, it attempted to update its website and could not access or exercise control over the domain name.

27. The Defendant has taken control of the Subject Domain Name with the intent to divert the substantial advertising revenue produced by the web site associated with the domain name to himself.

28. The Defendant has taken control of the Subject Domain Name with the intent to redirect the Plaintiffs customers from the web site controlled by the Plaintiff to a web site controlled by the Defendant.

29. The Defendant has taken control of the Subject Domain Name with the intent to resell the Domain Name and has, upon information and belief, listed the domain for sale through a website operated by SEDO.COM.

30. The Defendant has taken control of the Subject Domain Name with the intent to damages the good reputation and good will which the Plaintiff has built in the subject domain name over many years.

31. The Defendant's registration and use of the subject Domain Name is without the Plaintiff's authorization.

32. The Defendant has no intellectual property rights in the Subject Domain Name.

33. The Defendant provided misleading or incomplete contact information in the domain name registration when changing the registration for the Defendant Domain Name.

34. The Defendant's actions are in violation of these aforementioned rights of Plaintiff.

VI. Causes of Action

Count I
Claim for Declaratory Judgment

35. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff registered the Subject Domain Name on October 10, 2009 and has, since that time maintained, uninterrupted control over the Subject Domain Name.

36. The Defendant's actions have taken control of the Subject Domain Name from Plaintiff without authorization or permission.

37. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

Count II
Anticybersquating Consumer Protection Act (ACPA), 15 U.S.C. § 1114(2)(d)

38. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff has owned the Subject Domain Name since October 10, 2009 years, has used it to both promote its businesses and generate substantial income and has common law rights in the mark.

39. The Defendant's actions constitute registration, trafficking, or use of a domain name that is identical to the Plaintiff's trademark with bad faith intent to profit therefrom.

40. The Plaintiff, because of the Defendant's actions, is being prevented from using and exercising control over the Subject Domain Name.

41. The Plaintiff is being harmed through the loss of prospective traffic to it business, loss of income, loss of business, and loss of prospective business opportunities unless enjoined.

42. The Plaintiff's business reputation and standing is at risk from posting of improper, illegal, incorrect or otherwise harmful information on the web page associated with its domain name.

43. The Plaintiff, despite diligent inquiry, has been unable to obtain the accurate identity of a person subject to this Court's jurisdiction who would have been a defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I).

44. The above described conduct of the Defendant registrant of the Subject Domain Name constitutes unlawful cybersquatting in violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

45. The above described conduct by the Defendant has caused, and is causing, great and irreparable harm to the Plaintiff and the public, specifically the potential posting of improper, illegal, incorrect or otherwise harmful information on the web page associated with its domain name. Unless permanently enjoined by this Court, said irreparable harm will continue. Accordingly, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), the Plaintiff is entitled to an order transferring the Defendant Domain Name registration to the Plaintiff.

Count III
<u>Tortuous Interference with Contractual Relationship</u>

46. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. The Plaintiff properly entered into a contract with the registrar for the Subject Domain Name before the Subject Domain Name was stolen.

47. The Defendant has unlawfully taken control of the Subject Domain Name, interfering with Plaintiff's lawful contract rights to the Subject Domain Name.

DocuSign Envelope ID: 9806B583-DB57-4B12-B382-72D82301B985

48. As a result of the Defendant's acts, the Plaintiff has been damaged and will continue to be damaged. The Plaintiff requests that this Court declare Defendant liable for its past and any future losses in association with the registration service contract.

## Count IV
### Conversion

49. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff has property rights in the Subject Domain Name.

50. The Defendant has taken control of the Subject Domain Name and is wrongfully exercising control and authority over the Subject Domain Name.

51. The control and authority exercised by the Defendant deprives the Plaintiff of control and the income and business generated from the Subject Domain Name.

52. The Defendant is wrongfully exerting dominion over the Plaintiff's property in denial of its rights.

## Count V
### Violation of the Computer Fraud and Abuse Act

53. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

54. The Defendant knowingly and intentionally accessed the Plaintiff's email systems on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication in violation of 18 U.S.C. § 1030(a)(2)(C).

55. The Defendant knowingly, and with intent to defraud, accessed the Plaintiff's email system on a protected computer without authorization and obtained information from that computer which the Defendant used to further a fraud and obtain something of value in violation of 18 U.S.C. § 1030(a)(4).

56. The Defendant intentionally accessed the Plaintiff's email system on a protected computer without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)(C).

57. The Plaintiff has suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiff during a one-year period aggregating to at least $5,000.

58. As a direct result of the actions complained of, the Plaintiff has suffered, and continues to suffer, irreparable harm for which the Plaintiff has no adequate remedy at law and which will continue unless enjoined.

WHEREFORE, The Plaintiff respectfully requests of this court:

I. That judgment be entered in favor of the Plaintiff on its claims for violation of the Anticybersquating Consumer Protection Act; and

II. That judgment be entered in favor of the Plaintiff on its claims for violation of the Computer Fraud and Abuse Act; and

III. Enter an order declaring that CMN.COM, LLC and its subsidiaries are the only entities with any rights to the contract controlling OnlineMBA.COM; and

IV. Enter an order declaring that the Defendant does not have any rights to OnlineMBA.COM; and

V. Enter an order directing that OnlineMBA.COM promptly transferred to Plaintiff; and

VI. Enter an Order directing Verisign to promptly return control of OnlineMBA.COM to CMN.COM, LLC or its subsidiaries and the registrar as directed by counsel for the Plaintiff; and

VII. Award the Plaintiff its fees and costs, including reasonable attorney fees, in connection with this action pursuant to 15 U.S.C. § 1117(a); and

VIII. That the Court grant such other relief to the Plaintiff as the Court deems just and proper.

Dated: September 24, 2015

Respectfully Submitted,

CMN.COM, LLC
By Counsel

Jonathan Westreich, Esq.
VSB No. 37393
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

Counsel to the Plaintiff

Verification

I, Stephen Amante, the Chief Financial Officer of CMN.COM, LLC, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that CMN.COM, LLC, acting through a subsidiary and related entity, is the original owner of each of the subject domain name OnlineMBA.COM and the facts contained in the foregoing complaint are true and correct

9/24/2015

Date

Stephen Amante
CMN.COM, LLC
By Stephen Amante, member

11